UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-7577-DMG (JPRx)** | Date | April 10, 2019 |
|---|---|---|---|

| Title | ***Brittany Sellers v. FBCS, Inc., et al.*** | Page | 1 of 7 |
|---|---|---|---|

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS - ORDER RE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [25] AND PLAINTIFF'S MOTION TO AMEND THE CLASS ACTION COMPLAINT [27]**

On August 30, 2018, Plaintiff Brittany Sellers filed a Class Action Complaint ("CAC") against Defendants FBCS, Inc. and CP Medical, LLC, asserting a single cause of action for violations of the Fair Debt Collection Practices Act ("FDCPA"). [Doc. # 1.] On November 27, 2018, Defendants filed an Answer. [Doc. # 18.] On February 21, 2019, Defendants filed a Motion for Judgment on the Pleadings ("MJP"). [Doc. # 25.] On March 15, 2019, Plaintiff filed a Motion to Amend the Class Action Complaint ("MTA"). [Doc. # 27.]

The motions have since been fully briefed. [Doc. ## 26, 30, 31.][1] The Court deems these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having duly considered the parties' written submissions, the Court **GRANTS** Defendants' MJP and **DENIES** Plaintiff's MTA.

## I.
## FACTUAL BACKGROUND[2]

At some point before October 5, 2017, Plaintiff received medical treatment at Mease Dunedin Hospital. *See* CAC at ¶¶ 24–25 [Doc. # 1]. Due to Plaintiff's financial constraints, she could not pay the debt, and it went into default. *Id.* at ¶ 26. On some unspecified date thereafter, Defendant CP Medical "purportedly purchased the alleged debt." *See id.* at ¶ 27. CP Medical subsequently contracted with Defendant FBCS to assist CP Medical in collecting on the alleged debt. *See id.* at ¶ 28.

---
[1] Plaintiff elected not to file a reply brief in support of her MTA.

[2] For the purpose of deciding the instant motions, the Court assumes the truth of the CAC's adequately pleaded factual allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-7577-DMG (JPRx)** | Date | April 10, 2019 |
| Title | *Brittany Sellers v. FBCS, Inc., et al.* | Page | 2 of 7 |

On or about October 5, 2017, FBCS sent Plaintiff a collection letter regarding the alleged debt. *Id.* at ¶ 30. The first page of the letter provides in relevant part:

> Our client, CP MEDICAL, LLC, has authorized us to accept a 75% discount off your $1,087.34 outstanding balance to settle the account in full. The complete details of your account are:
>
> We can accept this reduced amount under your preferred option:
>
> 1. Pay the full amount of $271.83 to us in one payment.
> 2. Pay $54.37 as a down-payment and the remaining balance of $217.46, 30 days after your 1st payment is received.
> 3. You may have an opportunity to split your settlement into 3 payments of $90.61 each. Call our office for details. Contact one of our agents, who have been specially trained to listen to your circumstances and guide you through the process, there may be other payment options available based on your specific situation. Call us, toll free, at 1-866-594-8647. Agents trained to handle your specific account are available:
>
> Monday through Friday 9:00 am through 7:00 pm
> Saturday 9:00 am through 12:30 pm
> (All times listed are Eastern Standard Time)
>
> Or visit our website at www.fbcs-inc.com for 24 hour payment options.

CAC, Ex. A at 2 (Letter) [Doc. # 1-1].[3]

The second page of the letter provides, *inter alia*, the following disclaimer:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, CP MEDICAL, LLC may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

*Id.* at 3 (alteration in original).

---

[3] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-7577-DMG (JPRx) | Date | April 10, 2019 |
| Title | Brittany Sellers v. FBCS, Inc., et al. | Page | 3 of 7 |

Plaintiff alleges that this letter contains false, deceptive, or misleading representations that violate 15 U.S.C. sections 1692e, 1692e(2), 1692e(5), and 1692e(10). *See* CAC at ¶¶ 41–42.

## II.
## LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). "To survive [either] motion[,] . . . a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although courts must accept all factual allegations as true on a Rule 12(c) motion, legal conclusions are not entitled to the assumption of truth. *See id.*

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading with the court's leave, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). An amendment is futile if "the pleading could not possibly be cured by the allegation of other facts." *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The decision whether to grant leave to amend is committed to the district court's sound discretion. *See id.* at 963.

## III.
## DISCUSSION

"The FDCPA prohibits debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 774 (9th Cir. 2017) (quoting 15 U.S.C. § 1692e)). To determine whether a debt collector has violated this provision, courts "ask[] the objective question of whether the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-7577-DMG (JPRx) | Date | April 10, 2019 |
| Title | *Brittany Sellers v. FBCS, Inc., et al.* | Page | 4 of 7 |

hypothetical least sophisticated debtor would likely have been misled" by a communication. *See id.* at 775. Additionally, "false but non-material representations are . . . not actionable under [Section] 1692e." *See id.* (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010)). "Material false representations . . . are those that could 'cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort.'" *Id.* (quoting *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014)).

Plaintiff claims that the letter violated the FDCPA because it could have led the least sophisticated debtor to unwittingly "reset the statute of limitations" on a time-barred debt. *See* Opp'n re MJP at 3. Specifically, she argues that the letter's payment alternatives and the disclaimer reproduced *supra* Part I create the impression that a debtor is entitled to pay the "debt for a reduced amount . . . over an extended period of time" without fear of legal repercussions if the debtor ultimately fails to make a payment. *See id.* at 3, 5.

Plaintiff concedes that California Civil Code section 1788.52(d)[4] required Defendant FBCS to include the disclaimer in the letter, and she does not dispute Defendants' contention that the disclaimer alone would not lead the least sophisticated debtor to believe that the debt is still legally enforceable (put differently, it is undisputed that a debtor would believe that recovery on the debt is time-barred, and not that the creditor has simply decided not to sue).[5] *See* Opp'n re MJP at 5 ("[Plaintiff] agrees that the language in Defendants' Letter regarding the statute of limitations and credit reporting of the debt complied with the language required by SB 233."); 2013 Cal. Stat. Ch. 64 (stating that Cal. Civ. Code § 1788.52 was added by S.B. No. 233); MJP at 16 ("[T]he collection letter[] here do[es] not deceptively or misleadingly imply that the debt[] [is] legally enforceable." (quoting *Trichell v. Midland Credit Mgmt., Inc.*, No. CV 18-00132-ACA, 2018 WL 4184570, at *4 (N.D. Ala. Aug. 31, 2018))); *see also Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most

---

[4] The statute provides that when a debt buyer collects "on a time-barred debt" that "is not past the date for obsolescence provided for in Section 605(a) of the federal Fair Credit Reporting Act (15 U.S.C. Sec. 1681c)," the debt buyer shall include the following notice in its first written communication with the debtor: "The law limits how long you can be sued for a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, [insert name of debt buyer] may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting." *See* Cal. Civ. Code § 1788.52(d) (alteration in original).

[5] Plaintiff's Proposed First Amended Class Action Complaint ("FACAC") further demonstrates that she has abandoned this theory. Specifically, it deletes the assertion that the letter "implies that Defendant FBCS has chosen not to sue ('will not sue you'), instead of the true fact that neither Defendant FBCS, nor Defendant CP Medical, nor any subsequent creditor/collector can file a lawsuit." *See* Proposed First Am. Compl. at 11 (redlined strikeout omitted) [Doc. # 27-1].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-7577-DMG (JPRx) | Date | April 10, 2019 |
|---|---|---|---|

| Title | *Brittany Sellers v. FBCS, Inc., et al.* | Page | 5 of 7 |
|---|---|---|---|

circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."). Plaintiff also does not dispute Defendants' assertion that a partial payment alone cannot revive a time-barred debt. *See* MJP at 14; *see also* Cal. Civ. Proc. Code § 360 ("No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, *unless the same is contained in some writing*, *signed by the party to be charged thereby* . . . ." (emphasis added)).[6] Instead, she claims that if a debtor "consummate[s]" one of the letter's settlement options "in some sort of writing," then that debtor may unwittingly execute a "novation" giving rise to a legally enforceable (and timely) debt. *See* MJP at 3, 6–7.

"Novation is 'the substitute of a new obligation for an existing one.'" *Fanucchi & Limi Farms v. United Agric. Prods.*, 414 F.3d 1075, 1081 (9th Cir. 2005) (quoting *Wells Fargo Bank v. Bank of Am.*, 32 Cal. App. 4th 424, 431 (1995)) (applying California law). To establish a novation, "[t]he intention of the parties to extinguish the prior obligation and to substitute a new agreement in its place must clearly appear." *See id.* (quoting *Hunt v. Smyth*, 25 Cal. App. 3d 807, 818 (1972)). Plaintiff does not allege in her briefing or in her proposed amendment that Defendants actually condition acceptance of the letter's payment options on the execution of a novation. Instead, Plaintiff contends that because the letter *does not address that question*, there is a "factual issue as to Defendants' actual requirements for acceptance of these new payment terms and whether, in fact, the creation of a novation will be required." *See* Opp'n re MJP at 7; *see also* Proposed First Am. Compl. at ¶ 35 ("The combination of Defendant's statement 'we will not sue' coupled with its offer of extended payment plans which *could* create a novation is deceptive and materially misleading." (emphasis added)) [Doc. # 27-1].

The allegation that Defendants *could possibly* require a debtor to assent to the creation of a new enforceable debt in order to select a payment option does not give rise to a plausible claim for relief. *See Ashcroft*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'") (quoting *Twombly*, 550 U.S. at 557); *see also In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ("[The court need not] accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001))). Thus, this aspect of the FDCPA claim fails. Further, because Plaintiff has shown that she does not know whether Defendants have such a practice, affording her leave to amend would be an exercise in futility. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & n.7 (9th Cir. 2014)

---

[6] California Civil Procedure Code section 360 includes an exception wherein a payment on promissory note made *prior to* the expiration of the statute of limitations may extend the limitations period. *See* Cal. Civ. Proc. Code § 360. Neither party asserts that the underlying debt falls within this exception.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-7577-DMG (JPRx)** | Date | April 10, 2019 |
|---|---|---|---|

| Title | *Brittany Sellers v. FBCS, Inc., et al.* | Page | 6 of 7 |
|---|---|---|---|

("[P]laintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it.").

Plaintiff also claims that the letter violates the FDCPA in one other respect—*i.e.*, the disclosure suggests that *both* FBCS and CP Medical have standing to bring suit on the debt. *See* Opp'n re MJP at 3–4. Specifically, Plaintiff points out that the disclosure says "*we* will not sue" the debtor, and it includes the concededly accurate statement that "CP Medical may continue to report [the debt] to the credit reporting agencies as unpaid." *See id.* (emphasis added) ("This disclaimer falsely states that Defendant FBCS will not sue [Plaintiff] to collect the debt . . . . Then, by specifying that CP Medical may continue to report the debt (an accurate legal statement) in the very next sentence, the resulting effect is pure confusion to the least sophisticated consumer who could not possibly comprehend from these, partially false, disclosures which Defendant could actually enforce legal action.").[7] Assuming *arguendo* that the least sophisticated debtor would draw that inference, Plaintiff fails to explain how it would cause this individual to "suffer a disadvantage in charting a course of action in response to the collection effort." *Afewerki*, 868 F.3d at 774 (quoting *Tourgeman*, 755 F.3d at 1121). Moreover, as it is undisputed that the letter does not imply that the debt is still legally enforceable, the erroneous belief that FBCS is a co-creditor would have no bearing on the debtor's decisionmaking. Therefore, this purported misrepresentation is immaterial.

Furthermore, a review of the Proposed FACAC reveals that it is simply a version of the original Complaint that has been modified to include the flawed theories discussed in this section. *See, e.g.*, Proposed FACAC at ¶ 39 ("Defendants' Letter falsely and confusingly advised Plaintiff that FBCS 'will not sue' her and that CP medical could still report her debt to the credit bureaus, thereby misleadingly conveying the legal status of Plaintiff's debt—specifically which Defendant was legally entitled to engage in these actions—in further violation of §§ 1692e, 1692e(2), 1692e(5) and 1692e(10).") [Doc. # 27-1]; *see also* MTA at 7 ("The proposed additional verbiage and paragraphs do not create a new complaint but aim to identify particular sections of the collection letter . . . and/or further explain and qualify Defendants' violations.").

---

[7] Plaintiff's Opposition to the MJP later suggests that the letter fails to identify which Defendant may report the debt to credit bureaus. *See* Opp'n re MJP at 10 ("[W]ere the consumer clearly informed of . . . which Defendant could actually report her debt to credit bureaus, such knowledge would also affect her evaluation and decision-making process in how to proceed in resolving the debt."). Yet, the letter states quite explicitly that "CP Medical, LLC may [continue to] report it to credit reporting agencies as unpaid as long as the law permits this reporting." CAC, Ex. A at 3 (alteration in original) [Doc. # 1-1]; *see also Afewerki*, 868 F.3d at 775 ("[The least sophisticated debtor's] interpretation of a collection notice cannot be bizarre or unreasonable . . . ." (internal quotation marks omitted) (quoting *Tourgeman*, 755 F.3d at 1119)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-7577-DMG (JPRx) | Date | April 10, 2019 |
| Title | *Brittany Sellers v. FBCS, Inc., et al.* | Page | 7 of 7 |

There is no need to allow Plaintiff to file a pleading that is subject to dismissal. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal."). Leave to file some other amendment should be denied because new factual allegations will not remedy the deficiencies discussed above, as Plaintiff's counsel has demonstrated that he cannot adequately support the first theory without running afoul of Rule 11 and the second theory fails as a matter of law. *See* Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, *will likely have evidentiary support* after a reasonable opportunity for further investigation or discovery . . . ." (emphasis added)).

For these reasons, the Court denies Plaintiff's request for leave to amend her CAC and Defendants are entitled to judgment as a matter of law.

## IV.
## CONCLUSION

In light of the foregoing, the Court issues the following rulings:

1. Defendants' MJP is **GRANTED**;

2. Plaintiff's MTA is **DENIED**;

3. The April 12, 2019 hearing and all other dates and deadlines are **VACATED**; and

4. A Judgment in favor of Defendants shall be entered forthwith.

**IT IS SO ORDERED.**